## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

IN RE:

JAMES RANDALL MOORE d/b/a
RANDALL & DEBRA MOORE
FAMILY PARTNERSHIP and f/d/b/a
WILLIE MOORE & SONS FARM; and
DEBORAH MOORE d/b/a RANDALL
& DEBRA MOORE FAMILY
PARTNERSHIP,

    Debtors.

CHAPTER 12

CASE NO. 19-70633

## APPLICATION FOR APPOINTMENT
## OF BANKRUPTCY COUNSEL FOR CHAPTER 12 DEBTORS

James Randall Moore d/b/a Randall & Debra Moore Family Partnership and f/d/b/a

Willie Moore & Sons Farm and Deborah Moore d/b/a Randall & Debra Moore Family

Partnership, the Chapter 12 debtors and debtors-in-possession, to the extent limited by 11

U.S.C. §§ 1202 & 1203, in the above captioned case ("Petitioners") respectfully represent

as follows:

1.

On May 31, 2019, Petitioners filed a joint petition for relief under Chapter 12 of

Title 11, United States Code, 11 U.S.C. §§ 101 et seq. A Chapter 12 Trustee will be

appointed pursuant to 11 U.S.C. § 1202 and Petitioners will otherwise continue to operate

their business and manage their affairs as a debtors-in-possession in accordance with 11

U.S.C. § 1203.

2.

Petitioners, as Debtors-in-Possession, wish to employ Small Herrin, LLP ("SH"), as their attorneys in this case.

3.

Partners employed by SH are duly admitted to practice in this Court and the United States District Courts for the Northern, Middle and Southern Districts of Georgia, the Eleventh Circuit Court of Appeals and the courts of the State of Georgia including the Georgia Court of Appeals and the Supreme Court of Georgia, have knowledge and experience in bankruptcy practice, and are well-qualified to represent Petitioners.

4.

During the course of this case, Petitioners will require various professional services which will necessitate the retention of attorneys. These services include:

a. preparation of schedules, statement of financial affairs, pleadings and applications in this case;

b. conducting examinations incidental to administration of this case;

c. developing the relationship of Petitioners to the claims of creditors in this case;

d. advising Petitioners of their rights, duties, and obligations as Debtors and Debtors-in-Possession;

e. consulting with Petitioners and the Chapter 12 Trustee and representing Petitioners with respect to a Chapter 12 plan;

f.  representing Petitioners in contested matters and/or adversary proceedings that may be brought at a later date; and

g.  taking any and all other necessary action incident to the proper preservation and administration of Petitioners' bankruptcy estate.

5.

To the best of Petitioners' knowledge, neither SH, nor its partners or employees, nor the partners or employees of their previous employer:

a.  are directors, officers, equity security holders, partners, general partners, mangers, members, creditors, persons or entities in control of any entities owned by Petitioners or related to a general partner, director officer or person in control of Petitioners or any entity owned by Petitioners;

b.  have any connection with Petitioners, any entity owned by Petitioners their creditors, any other party in interest, their respective attorneys or accountants, or the United States Trustee, or any person employed in the Office of the United States Trustee, except to the extent that SH counseled Petitioners in preparation for instituting this Chapter 12 case, as well as SH represented Petitioners in litigation pending prior to the filing of this case and attempted negotiations with a few of Petitioners' creditors, including while the partners of SH were employed by their previous law firm Cohen Pollock Merlin Turner, P.C., f/k/a Cohen Pollock Merlin & Small, P.C. ("CPM&S"), and Gus H. Small, P.C., an interim entity operated by Gus H. Small after leaving CPM&S and prior to SH becoming operational; or

c.  hold or represent any interests that are adverse to Petitioners or the Estate.

6.

Petitioners believe that the appointment of SH will be in the best interest of this Estate.

7.

Petitioners have provided SH with a retainer, as detailed in the attached Verified Statement of Small Herrin, LLP, for professional compensation and reimbursement of expenses.

8.

SH intends to request compensation based on the experience and expertise of the individuals performing the work. SH believes that the routine hourly fees to be charged are in the range of the usual and customary fees charged by law firms of similar standing for the type of legal services contemplated herein.

9.

The standard hourly rates of Small Herrin, LLP, including staff, who may be involved in the representation of Petitioners, are currently as follows:[1]

| Gus H. Small | $375.00 |
| Anna M. Humnicky | $325.00 |
| Paralegals | $100.00 to $175.00 |

---

[1] The hourly rates of the partners of SH and paralegals are customarily adjusted on January 1st of each year.

**WHEREFORE**, Petitioners pray that they be authorized to retain Small Herrin, LLP, as their attorneys in this case.[2]

This the 31st day of May, 2019.

> **James Randall Moore d/b/a Randall & Debra Moore Family Partnership and f/d/b/a Willie Moore & Sons Farm**
> Petitioner
>
>
> By:_____/s/ James Randall Moore_____
>          James Randall Moore
>
>
> **Deborah Moore d/b/a Randall & Debra Moore Family Partnership**
> Petitioner
>
>
> By:_____/s/ Deborah Moore_____
>          Deborah Moore

---

[2] While Petitioners have filed this Application within 21 days of the Petition Date, Petitioners shall not submit a proposed order on the Application until the expiration of 21 days from the Petition Date pursuant to Fed. R. Bankr. P. 6002, unless instructed to do so by the U.S. Trustee's Office and/or the Court.

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, the undersigned does hereby declare under the penalty of perjury, under the laws of the United States of America, that the statements contained in the foregoing Application are true and correct.

Executed this 31st day of May 2019.

**James Randall Moore d/b/a Randall & Debra Moore Family Partnership and f/d/b/a Willie Moore & Sons Farm**
Petitioner

By:＿＿/s/ James Randall Moore＿＿＿＿＿
James Randall Moore

**Deborah Moore d/b/a Randall & Debra Moore Family Partnership**
Petitioner

By:＿＿/s/ Deborah Moore＿＿＿＿＿＿
Deborah Moore

## VERIFIED STATEMENT

The undersigned makes the following solemn oath:

(1)     I am an attorney with the law firm of Small Herrin LLP ("SH"), with offices at 2727 Paces Ferry Rd., Building 2, Suite 200, Atlanta, GA 30339, and my wholly owned entity, HAM Atlanta, LLC, is a partner of SH. I am a former partner of Cohen Pollock Merlin Turner, P.C. f/k/a Cohen Pollock Merlin & Small, P.C. ("CPM&S"), with offices at 3350 Riverwood Parkway, Suite 1600, Atlanta, GA, 30339.

(2)     The attorneys at SH are duly admitted to practice in the courts of the State of Georgia, this Court and the United States District Courts for the Northern, Middle and Southern Districts of Georgia, as well as the Eleventh Circuit Court of Appeals.

(3)     To the best of my knowledge, neither SH, nor the attorneys employed by SH, nor the individual entities owned by said attorneys, Gus H. Small, P.C., Brent W. Herrin, LLC, HAM Atlanta, LLC, and Benjamin S. Klehr, LLC,[3] nor CPM&S, nor the attorneys or employees employed by CPM&S while it represented James Randall Moore and Deborah Moore ("Petitioners"), for the two years prior to the date of this Verified Statement, were or are directors, officers, equity security holders, partners, general partners, mangers, members, creditors, persons or entities in control of Petitioners or any entity owned by Petitioners, or related to a general partner, director officer or person in control of any entity owned by  Petitioners; have any connection with Petitioners, their

---

[3] The attorneys are employed by Small Herrin, LLP, but hold their partnership interest and are compensated by Small Herrin, LLP via their individual entities.

Page -2-

creditors, any other party in interest, their respective attorneys or accountants, or the United States Trustee, or any person employed in the Office of the United States Trustee; except as otherwise disclosed in Paragraph 4 below; or hold or represent any interests that are adverse to Petitioners or the Estate.

(4)    SH counseled Petitioners in preparation for instituting this Chapter 12 case, as well as SH represented Petitioners in litigation pending before the filing of this case and attempted negotiations with a few of Petitioners' creditors, including while the partners of SH were employed by their previous law firm, CPM&S, and Gus H. Small, P.C., an interim entity operated by Gus H. Small after leaving CPM&S and prior to SH becoming operational.

(5)    SH has received a retainer for the case in the amount of $12,775.00 toward fees and expenses to be incurred in this Chapter 12 case, including the filing fee.   As of and after the filing of the Chapter 12 petition, any fees and expenses incurred in the Chapter 12 case shall be payable to SH, only when the same are allowed by the U.S. Bankruptcy Court. SH will not apply any portion of the retainer against fees or expenses without prior approval of the Court.

(6)    The funds used to pay the retainer were received from the Petitioners.

(CONTINUED NEXT PAGE)

Pursuant to 28 U.S.C. § 1746, I do hereby declare under the penalty of perjury, under the laws of the United States of America, that the statements contained in the foregoing Verified Statement are true and correct.

Executed this 31st day of May 2019.

By:___/s/ Anna M. Humnicky_____
Anna M. Humnicky, sole member of
HAM Atlanta, LLC, partner of
Small Herrin, LLP